# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| CATERPILLAR FINANCIAL SERVICES CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> PRISTINE CLEAN ENERGY, LLC, and KEM ABRAHAM, <br><br> Defendants. | Case No. _____ |

## VERIFIED COMPLAINT FOR BREACH OF CONTRACT

COMES NOW Plaintiff, Caterpillar Financial Services Corporation ("CFSC"), and for its causes of action against Defendants, Pristine Clean Energy, LLC ("PCE") and Kem Abraham ("Abraham" and together with PCE, the "Defendants"), states as follows:

## PARTIES

1. CFSC is a corporation organized and existing under the laws of the State of Delaware, and is authorized to do business in Tennessee. CFSC's principal place of business is located at 2120 West End Avenue, Nashville, Tennessee, 37203.

2. PCE is a West Virginia limited liability company with its principal place of business located at 2691 Little Birch Road, Sutton, West Virginia, and may be served with process through its registered agent, National Registered Agents, Inc., at 5098 Washington Street West, Suite 407, Charleston, West Virginia 25313-1561.

3. Upon information and belief, Abraham is a resident of the State of West Virginia, and may be served with process at 3006 Garretts Fork Rd, Chapmanville, West Virginia 25508.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. §1332 because there is complete diversity between the parties, and the amount in dispute exceeds $75,000.00.

5. Venue is proper in this district pursuant to, *inter alia*, 28 U.S.C. §1391(b) because (1) a substantial part of the events or omissions giving rise to CFSC's claims for breach of contract took place in this judicial district, (2) the contracts that are at issue in this Complaint are governed and construed under the laws of the State of Tennessee, and (3) the Parties herein consented to jurisdiction of any state or federal court located in Tennessee pursuant to the terms of said contracts.

## FACTS

6. In March of 2019, PCE entered into several contracts for the purpose of purchasing various pieces of equipment, as set forth herein.

### I. INSTALLMENT SALE CONTRACT # 6599

7. On or about March 8, 2019, Defendant PCE executed that certain Installment Sale Contract in favor of Cecil I. Walker Machinery Co., in the original principal amount of $914,024.42 (as assigned or otherwise modified from time to time, "Contract 6599"). Under the terms of Contract 6599, PCE agreed to make monthly payments of principal and interest in the amount of $22,637.19, commencing on April 21, 2019, for a period of fifty-two (52) months.

8. On or about March 8, 2019, Cecil I. Walker Machinery Co. assigned Contract 6599 to CFSC pursuant to that certain Assignment of Installment Sale Contract (without recourse) (the "6599 Assignment"). A true and correct copy of Contract 6599 and the 6599 Assignment are attached hereto and incorporated herein as collective **Exhibit 1**.

9. On or about March 8, 2019, Defendant Abraham executed a Guaranty of Payment in favor of CFSC wherein Abraham jointly and severally and unconditionally guaranteed the repayment of all of PCE's indebtedness under Contract 6599 to CFSC ("6599 Guaranty"). A true and correct copy of the 6599 Guaranty is attached hereto and incorporated herein as **Exhibit 2**.

10. As a result of certain defaults under Contract 6599, on or about April 28, 2020, PCE and CFSC entered into that certain Payment Assistance Agreement wherein certain terms of Contract 6599 were amended. Specifically, the parties modified the payment schedule to provide that PCE would not be required to make regular payments due under Contract 6599 during the months of February, March, April and May 2020. PCE was to resume monthly payments under Contract 6599 in June, 2020. A true and correct copy of the Payment Assistance Agreement is attached hereto as **Exhibit 3**.

11. Contract 6599, the 6599 Guaranty, and all other documents executed in connection with Contract 6599, including any amendments or restatements thereto, and security instruments, including any amendments thereto, are hereinafter collectively referred to as the "6599 Loan Documents." The obligations of PCE and indebtedness to CFSC under the 6599 Loan Documents are collectively referred to as the "6599 Obligations."

12. Events of default (the "6599 Events of Default") have occurred under the 6599 Loan Documents. Specifically, PCE failed to make the required payments under Contract 6599.

13. The total amount due and owing by PCE under the terms of the 6599 Loan Documents is $919,776.30.

14. PCE has breached the 6599 Loan Documents by failing to timely pay the Obligations to CFSC. PCE is liable for all such damages, including, but not limited to, all the attorneys' fees, costs and expenses of collection incurred by CFSC in enforcing its rights under

3

Case 3:22-cv-00271   Document 1   Filed 04/15/22   Page 3 of 9 PageID #: 3

the 6599 Loan Documents.

## II.     INSTALLMENT SALE CONTRACT # 6836

15.     On or about March 20, 2019, Defendant PCE executed that certain Installment Sale Contract in favor of Cleveland Brothers Equipment Co., Inc., in the original principal amount of $1,593,300.00 (as assigned to CFSC, "Contract 6836"). Under the terms of Contract 6836, PCE agreed to make monthly payments of principal and interest in the amount of $39,460.48, commencing on April 22, 2019, for a period of fifty-two (52) months.

16.     On or about March 20, 2019, Cleveland Brothers Equipment Co., Inc. assigned Contract 6836 to CFSC pursuant to that certain Assignment of Installment Sale Contract (without recourse) (the "6836 Assignment"). A true and correct copy of Contract 6836 and the 6836 Assignment are attached hereto and incorporated herein as collective **Exhibit 4**.

17.     On or about March 20, 2019, Defendant Abraham executed a Guaranty of Payment in favor of CFSC wherein Abraham jointly and severally and unconditionally guaranteed the repayment of all of PCE's indebtedness under Contract 6836 to CFSC ("6836 Guaranty"). A true and correct copy of the 6836 Guaranty is attached hereto and incorporated herein as **Exhibit 5**.

18.     As a result of certain defaults under Contract 6836, on or about April 28, 2020, PCE and CFSC entered into that certain Payment Assistance Agreement wherein certain terms of Contract 6836 were amended. Specifically, the parties modified the payment schedule to provide that PCE would not be required to make regular payments due under Contract 6836 during the months of February, March, April and May 2020. PCE was to resume monthly payments under Contract 6836 in June, 2020. A true and correct copy of the Payment Assistance Agreement is attached hereto as **Exhibit 6.**

19. Contract 6836, the 6836 Guaranty and all other documents executed in connection with Contract 6836, including any amendments or restatements thereto, and security instruments, including any amendments thereto, are hereinafter collectively referred to as the "6836 Loan Documents." The obligations of PCE and indebtedness to CFSC under the 6836 Loan Documents are collectively referred to as the "6836 Obligations."

20. Events of default (the "6836 Events of Default") have occurred under the 6836 Loan Documents. Specifically, PCE failed to make the required payments under Contract 6836.

21. The total amount due and owing by PCE under the terms of the 6836 Loan Documents is $1,602,799.29.

22. PCE has breached the 6836 Loan Documents by failing to timely pay the Obligations to CFSC. PCE is liable for all such damages, including, but not limited to, all the attorneys' fees, costs and expenses of collection incurred by CFSC in enforcing its rights under the 6836 Loan Documents.

### III. MASTER LOAN AND SECURITY AGREEMENT AND SCHEDULES # 9145

23. On or about March 25, 2019, Defendant PCE executed that certain Master Loan and Security Agreement and Schedules in favor of CFSC in the original principal amount of $628,600.00 ( "Contract 9145"). Under the terms of Contract 9145, PCE agreed to make monthly payments of principal and interest in the amount of $15,568.22, commencing on April 25, 2019, for a period of fifty-two (52) months. A true and correct copy of Contract 9145 is attached hereto and incorporated herein as collective **Exhibit 7**.

24. On or about March 20, 2019, Defendant Abraham executed a Continuing Guaranty in favor of CFSC wherein Abraham jointly and severally and unconditionally guaranteed the repayment of all of PCE's indebtedness under Contract 9145 to CFSC ("9145 Guaranty"). A true

and correct copy of the 9145 Guaranty is attached hereto and incorporated herein as **Exhibit 8.**

25. On or about April 28, 2020, PCE and CFSC entered into a Payment Assistance Agreement wherein certain terms of Contract 9145 were amended. Specifically, the parties modified the payment schedule to provide that PCE would not be required to make regular payments due under Contract during the months of February, March, April and May 2020. In June 2020, PCE was to resume monthly payments under Contract 9145. A true and correct copy of the Payment Assistance Agreement is attached hereto as **Exhibit 9**.

26. Contract 9145, the 9145 Guaranty, and all other documents executed in connection with Contract 9145, including any amendments or restatements thereto, and security instruments, including any amendments thereto, are hereinafter collectively referred to as the "9145 Loan Documents." The obligations of PCE and indebtedness to CFSC under the 9145 Loan Documents are collectively referred to as the "9145 Obligations."

27. Events of default (the "9145 Events of Default") have occurred under the 9145 Loan Documents. Specifically, PCE failed to make the required payments under Contract 9145.

28. The total amount due and owing by PCE under the terms of the 9145 Loan Documents is $561,810.75.

29. PCE has breached the 9145 Loan Documents by failing to timely pay the Obligations to CFSC. PCE is liable for all such damages, including, but not limited to, all the attorneys' fees, costs and expenses of collection incurred by CFSC in enforcing its rights under the 9145 Loan Documents.

30. By letters dated September 3, 2020 (the "Notices of Default"), CFSC notified PCE of the defaults and of the outstanding amounts due pursuant to Contracts 6599, 6836 and 9145 (together, the "Contracts"). True and correct copies of the Notices of Default are attached hereto

6

Case 3:22-cv-00271   Document 1   Filed 04/15/22   Page 6 of 9 PageID #: 6

as collective **Exhibit 10**.

31. As of the date of the filing of this complaint, PCE has failed to satisfy his obligations under the Contracts and the amounts owed by PCE remain due and owing to CFSC.

## COUNT I
## BREACH OF CONTRACT

32. CFSC incorporates by reference the allegations set forth above as if set forth fully herein.

33. CFSC is entitled to enforce the Contracts and PCE's obligations thereunder.

34. Under the Contracts, PCE is obligated to CFSC for payment of all obligations due thereunder (the "Obligations"). PCE has failed to pay the Obligations due and owing to CFSC.

35. PCE has breached its obligations to CFSC under the Contracts by failing to pay CFSC the amount of his Obligations due and owing.

36. As a result of such default, as of April 4, 2022, PCE is liable to CFSC for the sum of $3,084,386.34, consisting of the following amounts:

   a) $919,776.30 due under the Contract 6599, consisting of $748,956.02 in principal, $143,811.60 in accrued interest, $26,733.68 in late fees, and $275.00 in buyout fees; and

   b) $1,602,799.29 due under the Contract 6836, consisting of $1,305,557.55 in principal, $250,365.48 in accrued interest, $46,601.26 in late fees, and $275.00 in buyout fees.

   c) $561,810.75 due under the Contract 9145, consisting of $518,105.37 in principal, $23,422.98 in accrued interest, $19,507.40 in late fees, and $275.00 in buyout fees.

37. Interest and other charges continue to accrue pursuant to the terms of the Contracts.

38. In addition to these sums, PCE is required to pay, and CFSC is entitled to collect,

reasonable attorneys' fees and expenses under the Contracts.

39. As of the filing of this complaint, PCE has not satisfied the outstanding obligations due under the Contracts.

40. Accordingly, CFSC demands judgment against PCE for breach of contract in the amount of $3,084,386.34, plus all accrued and accruing interest and costs, including without limitation, default interest, attorneys' fees, and all costs and expenses incurred by CFSC in enforcing its rights under the Contracts all as provided for therein.

## COUNT II
## BREACH OF GUARANTY AGREEMENTS

41. CFSC incorporates by reference the allegations set forth above as if set forth fully herein.

42. Abraham failed to make payments to CFSC as required by the Guaranty Agreements and is in default of his obligations to CFSC under the terms of the Contracts.

## COUNT III
## UNJUST ENRICHMENT

43. The allegations of the foregoing paragraphs are incorporated herein by reference as if specifically re-alleged herein.

44. By failing to make payments in accordance with the terms of the Loan Documents and by retaining the equipment received from CFSC while failing to pay CFSC as agreed, PCE have been unjustly enriched to the detriment of Regions.

## PRAYER FOR RELIEF

**WHEREFORE,** CFSC respectfully requests the following relief:

a) That the Court enter judgment in favor of Plaintiff CFSC against Defendants PCE and Abraham, jointly and severally, for the sum of $3,084,386.34, plus additional interest and

any other costs, fees and other charges, including the attorneys' fees to which CFSC is entitled under the Contract;

  b) That the Court award CFSC pre-judgment and post-judgment interest;

  c) That the Court award CFSC its attorney's fees, expenses and discretionary costs;

  d) That the Court tax court costs to Defendant; and

  e) That the Court award CFSC all other relief that it deems necessary and proper.

          Respectfully submitted,

          s/ Jake Adams
          Jake Adams (BPR # 022653)
          BAKER, DONELSON, BEARMAN
          CALDWELL & BERKOWITZ, P.C.
          1600 West End Avenue
          Nashville, Tennessee 37203
          (615) 726-5631 (telephone)
          Email: jadams@bakerdonelson.com

          *Attorneys for Plaintiff, Caterpillar Financial Services Corporation*